■ ROD PERRINO, Appellant, v MTS FUNDING, INC., Respondent. [788 NYS2d 443]—

Carpinello, J. Appeal from an order of the Supreme Court (Connor, J.), entered October 31, 2003 in Ulster County, which, inter alia, denied plaintiff's cross motion for summary judgment.

This matter arises out of a failed business arrangement between plaintiff and Michael Gangadeen whereby the latter, in essence, was to buy a piece of real property "as a strawman" for plaintiff, hold it for a year and then sell it to him. Plaintiff, as a contract vendee, now seeks specific performance of that contract of sale. Plaintiff appeals from an order of Supreme Court which granted defendant's application for dismissal of his complaint and denied his cross motion for summary judgment. Our review of the record compels affirmance.

Plaintiff's complaint seeks enforcement of a purported written contract of sale dated December 16, 2001. The "contract," however, is not signed by plaintiff but is signed by Gangadeen in his *individual* capacity. While admittedly this document does recite that title to the subject premises would be held in defendant's name, and Gangadeen is described as the president and sole shareholder of defendant, defendant is neither a party to nor an obligor under the contract. Moreover, the only fully executed contract of sale in the record is a different document dated December 12, 2001, again between plaintiff and Gangadeen individually. This contract contains no reference of any kind to defendant.[1]

Defendant proffered a number of arguments in support of its application for dismissal, including plaintiff's failure to pay the deposit recited in the December 12, 2001 agreement, but we need concentrate on only one, namely, the complete absence of an agreement between plaintiff and defendant. The purported agreement of December 16, 2001, upon which plaintiff relies,

---

1. Notably Gangadeen is not a party to the action.

does not recite that defendant is a party to the agreement. Further, it was not signed by defendant, as Gangadeen did not sign in his corporate capacity. Since defendant was "neither named in the contract as a party thereto nor did [it] sign as such" (*Salzman Sign Co. v Beck*, 10 NY2d 63, 66 [1961]), the mere reference in the contract to defendant is insufficient to create any legal duty on defendant's part in favor of plaintiff.[2]

Mercure, J.P., Crew III, Spain and Kane, JJ., concur. Ordered that the order is affirmed, with costs.

---

**2.** To the extent that plaintiff argues on appeal that the absence of an agreement between plaintiff and defendant was not pleaded as an affirmative defense, we note that his own complaint alleged that the contract of sale, upon which he relies, was between him and Gangadeen.