■ 860 Fifth Avenue Corporation, Appellant, v Superstructures—Engineers & Architects, Respondent, et al., Defendants. [790 NYS2d 12]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered January 16, 2004, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion to renew and refused to vacate the order of the same court and Justice, entered July 9, 2003, which had granted defendant Superstructures' motion to dismiss the complaint against it as time-barred under the statute of limitations for professional malpractice, unanimously affirmed, without costs.

In opposing Superstructures' prima facie showing that the three-year limitations period in this action (CPLR 214 [6]) had expired, plaintiff had the burden of demonstrating that the continuous representation doctrine applied, or at least that there was an issue of fact with respect thereto (*see CLP Leasing*

*Co., LP v Nessen,* 12 AD3d 226 [2004]). The newly discovered letters addressing the need for repairs and Superstructures' recommendations in October 1999 and March 2000 demonstrate only that the general professional relationship between the parties continued. In any event, an argument of continuous treatment based on evidence newly discovered by plaintiff is inconsistent with the requisite showing of reliance upon the continued services related to the particular duty breached (*see National Life Ins. Co. v Hall & Co.,* 67 NY2d 1021, 1023 [1986]). Concur—Tom, J.P., Andrias, Friedman and Sullivan, JJ.