■ In the Matter of the Arbitration between CLARK PATTERSON ENGINEERS, SURVEYOR, AND ARCHITECTS, P.C., Doing Business as CLARK PATTERSON ASSOCIATES, Respondent, and CITY OF

GLOVERSVILLE BOARD OF WATER COMMISSIONERS, Appellant. [809 NYS2d 247]—

Rose, J. Appeal from an order of the Supreme Court (Malone Jr., J.), entered October 7, 2004 in Albany County, which granted petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

In 1991, respondent and Smith & Maloney, P.C. (hereinafter SM), an engineering firm, entered into a general agreement for professional services to be provided "as requested from time to time." The agreement included an arbitration clause. In 1996, respondent requested SM to design and administer the Jackson Summit Reservoir Spillway Improvement Project (hereinafter the project). Nutech Industries, Inc. was hired as general contractor on the project and SM oversaw, inspected and approved Nutech's work. In August 1998, before completion of the final phase of the project, respondent terminated Nutech because of construction defects that SM attributed to Nutech's work and the project was suspended. In aid of respondent's lawsuit against Nutech for damages, SM provided various professional services, including assessments of the defects and their causes in 1998 and 1999, a proposal to remedy the defects and complete the project in 1999, estimates of the cost of repairs in 2000 and 2001, an affidavit by SM's project manager opposing summary judgment in January 2002 and a further field investigation of Nutech's work in April 2002. Respondent's claim against Nutech was settled during trial in December 2003.

On March 31, 2004, respondent served a demand for arbitration upon petitioner, as the successor in interest to SM, seeking monetary damages for SM's alleged malpractice in designing and supervising the project. Petitioner sought a stay of arbitration contending that, among other things, respondent's demand was time-barred because it had been served more than three years after the alleged malpractice (see CPLR 7503 [b]; 7502

[b]). Respondent countered that its demand was timely because, among other things, SM continued to provide professional services regarding the project through at least April 2002. Supreme Court granted SM's petition staying arbitration on the ground that the demand was untimely, and respondent appeals.

There is no dispute that the three-year statute of limitations for professional malpractice (*see* CPLR 214 [6]) governs claims against engineers (*see Chase Scientific Research v NIA Group*, 96 NY2d 20, 29-30 [2001]; *Germantown Cent. School Dist. v Clark, Clark, Millis & Gilson*, 294 AD2d 93, 98 [2002], *affd* 100 NY2d 202 [2003]). Nor do we disagree with Supreme Court that SM's design and supervision of the project ended when respondent terminated Nutech and, thus, respondent's malpractice claim accrued when the work was suspended (*see Greater Johnstown City School Dist. v Cataldo & Waters, Architects*, 159 AD2d 784, 785 [1990]; *State of New York v Lundin*, 91 AD2d 343, 345 [1983], *affd* 60 NY2d 987 [1983]). However, under the circumstances here, we find merit in respondent's argument that the continuous representation doctrine tolled the running of the limitations period until SM stopped rendering professional services to respondent in connection with the project.

"The continuous representation doctrine, like the continuous treatment rule, . . . 'recognizes that a person seeking professional assistance has a right to repose confidence in the professional's ability and good faith, and realistically cannot be expected to question and assess the techniques employed or the manner in which the services are rendered' " (*Shumsky v Eisenstein*, 96 NY2d 164, 167 [2001], quoting *Greene v Greene*, 56 NY2d 86, 94 [1982]; *Pollicino v Roemer & Featherstonhaugh*, 260 AD2d 52, 54 [1999]). This doctrine reflects both the unfairness of requiring the injured client to challenge its professional advisor while remedial efforts are under way (*see Borgia v City of New York*, 12 NY2d 151, 156 [1962]; *Aaron v Roemer, Wallens & Mineaux*, 272 AD2d 752, 754-755 [2000], *lv dismissed* 96 NY2d 730 [2001]) and the potential abuse where the negligent advisor attempts to avoid liability by diverting the client from bringing a legal action until the limitations period expires (*see Siegel v Kranis*, 29 AD2d 477, 480 [1968]). For these same reasons, we require that the continuous relationship be in connection with the particular matter from which the malpractice claim arose (*see Pellati v Lite & Lite*, 290 AD2d 544, 545 [2002]; *National Union Fire Ins. Co. of Pittsburgh v Davis, Wright, Todd, Reise & Jones*, 157 AD2d 571, 572 [1990]).

Upon our review, we find that respondent established the applicability of the doctrine by showing its reliance upon the

continued professional services of SM as it sought to identify the nature of the defects in the project's construction, remedy their causes and recover damages from Nutech, the party believed to be responsible (*see Estate of David v Roshba & Pokart*, 254 AD2d 235, 235 [1998]; *Greater Johnstown City School Dist. v Cataldo & Waters, Architects, supra* at 786; *Board of Educ. of Hudson City School Dist. v Thompson Constr. Corp.*, 111 AD2d 497, 498-499 [1985]). These services were sufficiently related to the matter upon which respondent's allegations of malpractice are based and, under the circumstances, respondent could not reasonably be expected to jeopardize its case against Nutech by challenging SM's expert opinions so long as it continued to rely on SM to provide such services (*see Glamm v Allen*, 57 NY2d 87, 93-94 [1982]; *Shumsky v Eisenstein, supra* at 167-168). Thus, there was continuous representation that tolled the limitations period and rendered respondent's demand for arbitration timely.

Finally, we find that petitioner, as an assignee of SM, is a proper party to the arbitration (*see Blum's, Inc. v Ferro Union Corp.*, 36 AD2d 584, 584 [1971], *affd* 29 NY2d 689 [1971]), while Michael McNerney, in his individual capacity, did not execute any agreement to arbitrate the parties' present dispute and is, therefore, not a proper party to the arbitration (*see Perrino v MTS Funding, Inc.*, 14 AD3d 865, 865-866 [2005]).

Mercure, J.P., Carpinello and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted the application; application denied except as to Michael McNerney; and, as so modified, affirmed.