■ Sendar Development Co., LLC, Respondent, v CMA Design Studio P.C. et al., Respondents, and Kevin H. Sweeney, P.E., Appellant, et al., Defendants. [890 NYS2d 534]—

In 1998, plaintiff Sendar Development Co., LLC acquired a six-story residential building on the Upper West Side of Manhattan. The following year, plaintiff decided to expand the building by adding five additional floors to the top of the building. Subsequently, plaintiff and its agent Jadam Equities, Ltd. (Jadam) hired defendants CMA Design Studio P.C. (CMA), Breger Terjesen Associates (Breger), and Kevin H. Sweeney, P.E. (Sweeney) to design the expansion and supervise the contractors, defendants R&L Construction, Inc. (R&L) and Williams Panel Brick (Williams).

Plaintiff hired CMA and Breger to design the expansion; that is, to prepare, approve, and sign off on the architectural plans for the expansion. Both CMA and Breger agreed to supervise,

inspect, approve the construction of the expansion, including the exterior walls, and provide contract administration services for the project. Furthermore, Breger proposed using the EZ Wall system for the exterior of the project; this is the central point of dispute in this action.

R&L was hired by plaintiff to assemble and install the EZ Wall system, which consists of brick face tile with mortar joints, adhered to a continuous anodized metal support panel laid against a continuous vapor barrier membrane. This is supported by building sheathing constructed of layers of gypsum boards. The gypsum boards, along with the light gauge metal studs, are connected to the metal support panels to form the building's exterior. The record reflects that Sweeney's scope of work, as specified in his contract, was to provide structural engineering services solely for the framing of the additional five floors.

Prior to the expansion being completed in October 2002, the title to the building was transferred from plaintiff to the condominium association. In Spring of 2004, two years after the expansion was completed, hallway tiles began to crack and water leaked in around the apartment windows in the expansion area. In July 2004, Sweeney was again hired by plaintiff but was asked only to inspect the cracking and leaks. He determined that there was no structural cause for the cracking and the leaks, and was paid $650 for the inspection.

Following Sweeney's 2004 inspection, severe water leakage continued throughout the entire building. Independent engineering consultants were called in to inspect the building and they found that the leaks were caused by serious defects in the EZ Wall system. They also determined that the system was improperly installed and was not suitable for this application. The experts found that the entire facade needed to be replaced at a substantial cost. Plaintiff agreed to replace the existing wall system, and, in exchange, the condominium association assigned to plaintiff its litigation rights.

On June 26, 2007, plaintiff filed an amended complaint against Sweeney, CMA, Breger, R&L, and Williams, alleging 15 causes of action, including breach of contract, negligence, and indemnification. CMA, R&L, and Breger asserted cross claims for contribution and/or indemnification against all the codefendants including Sweeney. On August 16, 2007, Sweeney moved to dismiss the amended complaint and cross claims against him.

In support of his motion, Sweeney, on the basis of his contract, asserted, inter alia, that he did not agree to indemnify any other party, that his contract specified he was required to provide structural engineering services only for the light gauge steel

framing of the expansion, and that his contract expressly excluded services such as site visits, inspections, shop drawing review, and panel drawing review. Although Sweeney admitted that he verbally agreed to provide additional services related to the written agreement such as controlled inspections, Sweeney contends that these controlled inspections were required by the New York City Building Code in connection solely with the structural construction of the light gauge steel framing, and not for parts of the project or construction designed or specified by other design professionals relating to the exterior wall system.

Sweeney further demonstrated that his work was completed on October 11, 2002, when he sent a letter to the New York City Department of Buildings (DOB) requesting a letter of final completion. He received the letter of final completion from the DOB a month later. Sweeney, by providing documentary evidence of the date he completed his work, asserts that plaintiff's claims are time-barred since it commenced its action in March 2007 almost two years after the three-year statute of limitations had expired in October 2005.

In opposition, plaintiff stated that since Sweeney inspected the expansion in Spring 2004, its claim did not accrue until then and, thus, its cause of action is not time-barred. Plaintiff claims that the statute of limitations was tolled by the continuous representation doctrine since the inspection in 2004 clearly shows that Sweeney continued his professional responsibility to plaintiff. Plaintiff submitted the affidavit of the building manager, Michael Alejandro, who stated that while Sweeney did not find any structural cause for the leakage and cracking during his inspection in 2004, a more thorough inspection of the facade would have revealed early signs that the EZ Wall system was indeed failing. Lastly, plaintiff stated that additional discovery was needed in order to afford it to develop and show that Sweeney's Spring 2004 inspection was a step in the continuous and interrelated service that Sweeney provided.

The motion court agreed with plaintiff and denied Sweeney's motion to dismiss, rejecting Sweeney's assertion that plaintiff's complaint was time-barred. It found that the issues present in the motion could not be resolved without discovery in order "to at the very least determine who did what and under what circumstances."

For the reasons set forth below, we reverse the order and dismiss the amended complaint since plaintiff commenced its action after the statute of limitations expired, and the continu-

ous representation doctrine, for the purpose of tolling the statute of limitations, is not applicable.*

It is well established that a cause of action against a design professional, whether the claim is based upon breach of contract or malpractice, is to be brought within a three-year statute of limitations (*see* CPLR 214). "An owner's claim against a design professional accrues upon the termination of the professional relationship between the parties, when the designer completes its performance of significant (i.e. non-ministerial) duties under the parties' contract" (*Parsons Brinckerhoff Quade & Douglas v EnergyPro Constr. Partners*, 271 AD2d 233, 234 [2000]). After the completion of work, a relationship between the owner and design professional on an incidental matter that does not relate to the contractual duties between the parties will not extend the completion date (*see State of New York v Lundin*, 60 NY2d 987, 989 [1983]).

If the action is commenced after the statute of limitations expires, a plaintiff may be able to avoid dismissal by asserting that the statute of limitations is tolled by the continuous representation doctrine, or at least showing that there is an issue of fact as to its application (*860 Fifth Ave. Corp. v Superstructures—Engrs. & Architects*, 15 AD3d 213 [2005]). The doctrine applies when a plaintiff shows that he or she relied upon an uninterrupted course of services related to the particular duty breached (*id.* at 214). However, "[t]he mere recurrence of professional services does not constitute continuous representation where the later services performed were not related to the original services" (*Hall & Co. v Steiner & Mondore*, 147 AD2d 225, 228-229 [1989]).

In the case at bar, Sweeney provided documentary evidence that he completed his work in October 2002. Sweeney's final invoice for his services was on October 8, 2002. Furthermore, Sweeney sent a letter to the DOB requesting a letter for final completion which he received. Plaintiff does not dispute that the work was completed in October 2002. Since Sweeney's

---

* We reject plaintiff's contention that this appeal should be dismissed as moot since, subsequent to the issuance of the order on appeal, it served a second amended complaint which Sweeney answered. Since this Court was not furnished with a copy of this particular amended complaint, we cannot determine whether the amended pleading does indeed render this appeal moot (*Pier 59 Studios L.P. v Chelsea Piers L.P.*, 27 AD3d 217 [2006]; *American Express Travel Related Servs. Co. v North Atl. Resources*, 261 AD2d 310, 310-311 [1999]). In any event, plaintiff's description of the second amended complaint, namely that it contains additional allegations concerning Sweeney's structural design, does not show that plaintiff *substantively* altered its original complaint (*See Munn v New York City Hous. Auth.*, 202 AD2d 210, 211 [1994]).

contractual duties provided that he was responsible only for the light gauge steel framing of the expansion, he showed that he had completed it in October 2002. The Spring 2004 inspection, on the other hand, was for an incidental matter not related to Sweeney's contractual duty of providing structural engineering for the light gauge steel framing. Thus, it does not extend the completion date of October 2002.

Further, plaintiff has not established that the continuous representation doctrine applies, nor has it shown that there is an issue of fact as to its applicability. The Spring 2004 inspection was not related to Sweeney's original professional services nor was it part of any ongoing services. Plaintiff has not shown that Sweeney continuously provided inspection over the exterior wall systems. While Sweeney concedes that he verbally agreed to provide controlled inspection, it was limited to the light gauge steel framing for which Sweeney was responsible and not for the exterior wall systems, which was the responsibility of the other defendants. Sweeney's contract expressly provides that his scope of duty does not cover inspections. Furthermore, plaintiff has not shown that Sweeney provided any services between October 2002 and Spring 2004.

Since plaintiff's claim for breach of contract and negligence is time-barred, we do not need to address plaintiff's claim for common-law indemnification. Further, codefendants' cross claims for contribution against Sweeney should be dismissed since contribution is unavailable where a plaintiff's direct claims against a codefendant seek only a contractual benefit of the bargain recovery, tort language notwithstanding (*see Board of Mgrs. of 195 Hudson St. Condominium v 195 Hudson St. Assoc., LLC*, 37 AD3d 312 [2007]). Concur—Gonzalez, P.J., Nardelli, Catterson, Moskowitz and Renwick, JJ.