■ REGENCY CLUB AT WALLKILL, LLC, Respondent, v APPEL DESIGN GROUP, P.A., et al., Appellants. [976 NYS2d 164]—

In an action to recover damages for professional malpractice and breach of contract, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (Onofry, J.), dated November 21, 2011, as denied that branch of their motion which was pursuant to CPLR 3211 (a) (2) to dismiss, for lack of subject matter jurisdiction, so much of the complaint as purportedly sought indemnification or contribution for violations of Executive Law § 296, and denied that branch of their motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action against Appel Design Group, P.A., T.M. DePuy Engineering & Land Surveying, P.C., Laurance Appel, and Thomas DePuy to recover damages for professional malpractice and breach of contract. The complaint alleged that the plaintiff is the owner of a 132-unit multiple

dwelling project (hereinafter the Project) located in the Town of Wallkill. The complaint alleged that the plaintiff "secured all the necessary land use approvals from the Town of Wallkill to allow the construction of the Project," and that the Project was, among other things, required to be constructed in accordance with accessibility design and construction requirements of the New York State Human Rights Law (*see* Executive Law § 290 *et seq.*), the Fair Housing Amendments Act of 1988 (*see* 42 USC §§ 3601-3619), and the Americans with Disabilities Act (*see* 42 USC § 12181 *et seq.*; hereinafter collectively the accessibility design requirements).

The plaintiff alleged that it contracted with the defendants T.M. DePuy Engineering & Land Surveying, P.C., and Thomas DePuy (hereinafter together the DePuy defendants) to "provide engineering and surveying services to support the application made by the plaintiff to the Town of Wallkill for the necessary land use approvals and provide services during construction." The complaint alleged that the DePuy defendants undertook to perform their obligations under the agreement by performing services that included the preparation of "plans and specifications" and the provision of "engineering advice and supervision during the course of construction of the [P]roject."

The plaintiff similarly alleged that it contracted with the defendants Appel Design Group, P.A., and Laurance Appel (hereinafter together the Appel defendants) to "provide architectural services to support the application made by the plaintiff to the Town of Wallkill for the necessary land use approvals and provide services during construction." The complaint alleged that the Appel defendants undertook to perform their obligations under the agreement by performing services that included the preparation of "plans and specifications" and the provision of "architectural advice and supervision during the course of construction of the [P]roject."

The complaint asserted that construction of the Project was commenced on or about February 7, 2003, and completed on or about November 23, 2004. However, it alleged that on or about September 22, 2008, the plaintiff received notice that the office of the New York State Attorney General was undertaking an investigation of the Project to ensure compliance with applicable "rules, laws, regulations and statutes relating to access and other activities for persons with [disabilities]." After the investigation, an Assurance of Discontinuance was issued (*see* Executive Law § 63 [15]), which required the plaintiff to, among other things, "[r]etrofit the apartments and clubhouse in the complex" and "[a]lter site conditions and infrastructure

improvements." The plaintiff alleged that it incurred significant costs in order to remain in compliance with the Assurance of Discontinuance.

The complaint asserted two causes of action against the Appel defendants. The first cause of action sought to recover damages for professional malpractice, alleging that the Appel defendants failed "to undertake their responsibilities . . . with that degree of care, skill and professionalism expected of professionals practicing architecture within the State of New York." The second cause of action sought to recover damages for breach of contract, alleging that the Appel defendants owed a contractual duty to provide design and construction services in compliance with the accessibility design requirements and that they breached that duty.

The complaint also asserted two causes of action against the DePuy defendants. The third cause of action sought to recover damages for professional malpractice, alleging that the DePuy defendants failed "to undertake their responsibilities with that degree of care, skill and professionalism expected of professionals practicing engineering within the State of New York." The fourth cause of action sought to recover damages for breach of contract, alleging that the DePuy defendants owed a contractual duty to provide design and construction services in compliance with the accessibility design requirements and that they breached that duty.

The defendants subsequently moved to dismiss the complaint pursuant to CPLR 3211 (a) (2) on the ground that the court lacked subject matter jurisdiction over the causes of action asserted in the complaint and pursuant to CPLR 3211 (a) (5) on the ground that the causes of action asserted in the complaint were time-barred. The Supreme Court granted that branch of the defendants' motion which was to dismiss the complaint for lack of subject matter jurisdiction to the extent that the complaint could be construed so as to, in effect, seek indemnification or contribution for violations of the Fair Housing Amendments Act of 1988 or the Americans with Disabilities Act. The court denied the remaining branch of the defendants' motion, concluding, inter alia, that there were questions of fact as to whether the statute of limitations had expired with respect to the causes of action to recover damages for professional malpractice and breach of contract.

The defendants appeal from so much of the order as denied that branch of their motion which was pursuant to CPLR 3211 (a) (2) to dismiss, for lack of subject matter jurisdiction, so much of the complaint as purportedly sought indemnification or

contribution for violations of Executive Law § 296, and as denied that branch of their motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred.

"[A]n action to recover damages for malpractice, other than medical, dental or podiatric malpractice, regardless of whether the underlying theory is based in contract or tort" is subject to a three-year statute of limitations (CPLR 214 [6]; *see Matter of R.M. Kliment & Frances Halsband, Architects [McKinsey & Co., Inc.]*, 3 NY3d 538, 541 [2004]). "A cause of action to recover damages for professional malpractice . . . for defective design or construction accrues upon the actual completion of the work to be performed and the consequent termination of the professional relationship" (*Frank v Mazs Group, LLC*, 30 AD3d 369, 369-370 [2006]). However, a professional malpractice cause of action asserted against an architect or engineer may be tolled under the "continuous representation" doctrine if the plaintiff shows its reliance upon a continued course of services related to the original professional services provided (*see Sendar Dev. Co., LLC v CMA Design Studio P.C.*, 68 AD3d 500, 504 [2009]; *Matter of Clark Patterson Engrs., Surveyor, & Architects, P.C. [City of Gloversville Bd. of Water Commrs.]*, 25 AD3d 984, 987 [2006]; *860 Fifth Ave. Corp. v Superstructures—Engrs. & Architects*, 15 AD3d 213, 213-214 [2005]).

The "continuous representation" doctrine, as applied to professionals including architects and engineers, "recognizes that a person seeking professional assistance has a right to repose confidence in the professional's ability and good faith, and realistically cannot be expected to question and assess the techniques employed of the manner in which the services are rendered" (*Greene v Greene*, 56 NY2d 86, 94 [1982]; *see Shumsky v Eisenstein*, 96 NY2d 164, 167 [2001]; *City of Binghamton v Hawk Eng'g P.C.*, 85 AD3d 1417, 1419-1420 [2011]; *Matter of Clark Patterson Engrs., Surveyor, & Architects, P.C. [City of Gloversville Bd. of Water Commrs.]*, 25 AD3d at 987). The doctrine applies when a plaintiff shows that he or she relied upon a continuous course of services related to the particular professional duty allegedly breached (*see Shumsky v Eisenstein*, 96 NY2d at 168; *Sendar Dev. Co., LLC v CMA Design Studio P.C.*, 68 AD3d at 504).

Not only must the recurrent performance of professional services be specifically related to the matter upon which the alleged malpractice is based (*see Hall & Co. v Steiner & Mondore*, 147 AD2d 225, 228-229 [1989]), but the services must be deemed continuous within the meaning of the tolling doctrine (*see Sendar Dev. Co., LLC v CMA Design Studio P.C.*, 68 AD3d at

503; *see Gomez v Katz*, 61 AD3d 108, 112 [2009]). Continuity of representation may be found to exist where the professional and the client explicitly contemplate the periodic performance of professional services in the future (*see Town of Wawarsing v Camp, Dresser & McKee, Inc.*, 49 AD3d 1100, 1102-1103 [2008]; *see also Gomez v Katz*, 61 AD3d at 112).

The law recognizes that the supposed completion of the contemplated work does not preclude application of the continuous representation toll if inadequacies or other problems with the contemplated work timely manifest themselves after that date and the parties continue the professional relationship to remedy those problems (*see Matter of Clark Patterson Engrs., Surveyor, & Architects, P.C. [City of Gloversville Bd. of Water Commrs.]*, 25 AD3d at 987; *Board of Educ. of Hudson City School Dist. v Thompson Constr. Corp.*, 111 AD2d 497, 498-499 [1985]; *see also Gomez v Katz*, 61 AD3d at 112). In this regard, a motion to dismiss pursuant to CPLR 3211 (a) (5) will be denied unless the facts establish that a gap between the provision of professional services on the particular matter is so great that the representation cannot be deemed continuous as a matter of law (*see Gomez v Katz*, 61 AD3d at 116-117).

Here, the DePuy defendants submitted evidence demonstrating that the Project was substantially completed on July 31, 2007. The Appel defendants submitted evidence indicating that their work on the Project was completed, and that they stopped providing services to the plaintiff, on March 2, 2006. It is uncontested that this action was commenced by the filing of the summons and complaint dated December 15, 2010, and since the defendants demonstrated that this action was not commenced within three years of the completion of the Project or their completion of the contemplated professional services with respect to the Project, they sustained their initial burden of demonstrating that the causes of action in the complaint were time-barred (*see* CPLR 214 [6]; *Matter of R.M. Kliment & Frances Halsband, Architects [McKinsey & Co., Inc.]*, 3 NY3d at 541; *Frank v Mazs Group, LLC*, 30 AD3d at 369-370; *see generally* CPLR 3018 [b]; *Martin v Edwards Labs., Div. of Am. Hosp. Supply Corp.*, 60 NY2d 417, 428 [1983]; 1B NY PJI3d 2:149, Introductory Statement at 39 [2013]).

However, as the plaintiff correctly contends, it raised a question of fact as to whether the continuous representation doctrine may be applied so as to toll the statute of limitations (*see generally Connell v Hayden*, 83 AD2d 30, 39 [1981]). In this regard, the plaintiff submitted evidence indicating that the defendants provided professional services to the plaintiff to rem-

edy the deficiencies uncovered in connection with the Attorney General's investigation. An affidavit from one of the plaintiff's managing members stated that the defendants continued to provide professional services with respect to the Project between July 31, 2007, and April 5, 2010, when the plaintiff reached a settlement with the Attorney General's office. Since there is conflicting evidence as to when the defendants provided professional services to the plaintiff in connection with the Project, and since none of the undisputed gaps in the provision of those services renders the continuous representation doctrine inapplicable as a matter of law (*cf. Gomez v Katz*, 61 AD3d at 116-117), the Supreme Court properly denied that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred (*see Connell v Hayden*, 83 AD2d at 39; *Hauppauge Union Free School Dist. v Smith Assoc.*, 216 AD2d 354, 355 [1995]; *see also Matter of Clark Patterson Engrs., Surveyor, & Architects, P.C. [City of Gloversville Bd. of Water Commrs.]*, 25 AD3d at 987). The issue of whether the continuous representation doctrine may be applied to this case remains a question of fact (*see Bartolo v Monaco*, 202 AD2d 535, 536 [1994]).

The defendants' remaining contention, based on the issue of subject matter jurisdiction, is without merit. The fact that the complaint cites the defendants' alleged failure to take into account the New York Human Rights Law as particular instances of conduct that deviated from the applicable standard of care, or constituted a breach of the alleged agreements, does not render those causes of action improper claims for indemnity or contribution (*accord Matter of R.M. Kliment & Frances Halsband, Architects [McKinsey & Co., Inc.]*, 3 NY3d at 542; PJI 2:153). Skelos, J.P., Cohen, Miller and Hinds-Radix, JJ., concur.