# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-3919

_____

Cedar Rapids Lodge & Suites, LLC,

*Plaintiff - Appellant*,

James T. Rymes; Rhonda L. Coborn; Michael Coborn; Scott Shisler; Julie Shisler; Pamela J. Cobb Revocable Trust; Raymond Mulford; Theresa A. Mulford; Jacob Sailer; Ronald Sailer; Jerrod Ruble,

*Plaintiff*s,

v.

JFS Development, Inc., formerly known as JCS Development, Inc.; John F. Seibert; Ted Vosburg,

*Defendant*s,

Lightowler Johnson Associates, Inc.,

*Defendant - Appellee.*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: September 10, 2014
Filed: June 15, 2015

_____

Before BYE, COLLOTON, and GRUENDER, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Cedar Rapids Lodge and Suites, LLC appeals from the district court's[1] grant of summary judgment in favor of Lightowler Johnson Associates, Inc., a North Dakota architectural firm. Cedar Rapids Lodge and Suites sued Lightowler alleging professional negligence in connection with the design of a hotel, and the district court ruled that the claim was barred by the statute of limitations. We affirm.

I.

In 2003, John Seibert, Mark Gabrielson, and Ted Vosburg, governors of Cedar Rapids Lodge & Suites, obtained the rights to build an AmericInn franchise in Cedar Rapids, Iowa. Cedar Rapids Lodge & Suites used Lightowler as the architect for the new project. Lightowler sent Seibert a standard form agreement that included a choice-of-law provision specifying that its terms would be governed by the law of North Dakota.

Lightowler provided a full set of plans for the project on November 7, 2003. On November 20, 2003, Lightowler issued an addendum containing several changes to the plans requested by the Cedar Rapids Fire Marshal. The next day, AmericInn project manager Shawn Lidberg sent a letter to Seibert, with a copy to Lightowler, listing problems with the plans' compliance with franchise standards. On January 7, 2004, the city sent Cedar Rapids Lodge & Suites a report seeking revisions to the architectural plans; the company forwarded the report to Lightowler. In response, Lightowler submitted revised plans on February 27, 2004.

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

Construction began in January 2004. On July 26, 2004, Lidberg of AmericInn led a construction site visit attended by Siebert, Gabrielson, and Vosburg of Cedar Rapids Lodge & Suites, various AmericInn representatives, and Tim Olson, a Lightowler engineer. Both Lidberg and Olson prepared reports detailing the design and construction deficiencies they observed during the site visit. They provided these reports to Siebert shortly thereafter. The last act performed by Lightowler on the hotel project was the transmission of a document to the contractor on September 24, 2004, responding to a question about plank cuts in the stairwells.

Lidberg of AmericInn led a second site visit on October 21, 2004. Neither Siebert from Cedar Rapids Lodge & Suites nor anyone from Lightowler attended. Lidberg produced a report identifying additional deficiencies and construction concerns, and sent it to Siebert and Lightowler. On November 1, 2004, Lightowler's Steve Goldade sent a letter to AmericInn, with a copy to Siebert, responding to the report from the October site visit. Goldade stated that Lightowler was not involved in construction administration for the hotel project and had no knowledge of the problems identified by the report.

The hotel opened for business on December 9, 2004, but problems continued. The city, after granting temporary certificates of occupancy, denied the hotel a final certificate in October 2006. At a meeting on October 16, 2008, the investors in Cedar Rapids Lodge & Suites voted to remove Siebert, Gabrielson, and Vosburg as governors of the company.

On December 3, 2009, Cedar Rapids Lodge & Suites brought federal claims in the district court against the company's former governors and others involved in the hotel project. Invoking the district court's supplemental jurisdiction, *see* 28 U.S.C. § 1367(a), the complaint also alleged professional negligence by Lightowler. The district court granted Lightowler's motion for summary judgment, concluding that the claim was barred by the statute of limitations under either North Dakota law

or Iowa law. The court denied a motion to reconsider, and all claims against other parties eventually were resolved. Cedar Rapids Lodge & Suites now appeals the order dismissing the claim against Lightowler. We review the district court's ruling *de novo*.

## II.

The parties dispute whether the action is governed by North Dakota's two-year limitations period or Iowa's five-year statute of limitations. Cedar Rapids Lodge & Suites does not argue that its claim against Lightowler was timely under North Dakota law, but contends that Iowa law applies, and that the claim was brought within the five-year limitations period. Even accepting the applicability of Iowa law for purposes of analysis, we conclude that the claim is untimely.

The applicable Iowa statute provides a five-year limitations period for actions on unwritten contracts, or those "brought for injuries to property." Iowa Code § 614.1(4). When the limitations period begins to run is also governed by Iowa law. *See Walker v. Thielen Motors, Inc.*, 916 F.2d 450, 451 (8th Cir. 1990). The district court concluded that Cedar Rapids Lodge & Suites had notice of problems with the hotel design by November 2003, so that the cause of action against Lightowler accrued more than five years before the lawsuit was filed in December 2009. Cedar Rapids Lodge & Suites advances two reasons why the clock allegedly did not start running until a later date that was within five years of December 2009.

## A.

Cedar Rapids Lodge & Suites relies first on the "adverse domination doctrine." This doctrine, where applicable, holds that the statute of limitations is tolled as to claims of wrongdoing against officers or directors of a corporation as long as they control the corporation. *See Resolution Trust Corp. v. Armbruster*, 52 F.3d 748, 751

(8th Cir. 1995). Cedar Rapids Lodge & Suites seeks to apply the doctrine to toll the limitations period for a claim not against the officer or directors of the company, but against a third party, Lightowler. The company contends that because its governors were wrongdoers who withheld information from investors about design and construction defects with the hotel, the statute of limitations for the company's claim against Lightowler did not begin to run until Siebert, Gabrielson, and Vosburg were removed as governors in October 2008.

The Iowa Supreme Court has not adopted the adverse domination doctrine, but it has applied a discovery rule under which the limitations period does not begin to run until the injured party has "actual or imputed knowledge of the facts that would support a cause of action." *K&W Elec., Inc. v. State*, 712 N.W.2d 107, 116 (Iowa 2006) (quotations omitted). The adverse domination doctrine is a logical extension of the discovery rule in light of agency law principles. When the plaintiff is a corporation, it must learn of an injury to the corporation through its agents. But if the agent's interests are adverse to the corporation, then the agent's knowledge is not imputed to the corporation. *Lease Resolution Corp. v. Larney*, 719 N.E.2d 165, 170 (Ill. App. Ct. 1999); *see Clark v. Milam*, 452 S.E.2d 714, 718 (W. Va. 1994) ("[A] corporate plaintiff cannot 'discover' injuries to the corporation caused by those who control the corporation."). Under a similar rationale, Iowa does not impute an officer's knowledge to the corporate entity where the officer acts to the detriment of the entity. *Regal Ins. Co. v. Summit Guar. Corp.*, 324 N.W.2d 697, 704 (Iowa 1982); *Clapp v. Wallace*, 266 N.W. 493, 495 (Iowa 1936).

We may assume that the Iowa court would extend the discovery rule and recognize the adverse domination doctrine when a corporation brings claims against corporate officers who were allegedly engaged in wrongdoing. Cedar Rapids Lodge & Suites, however, would have us go further and toll the statute of limitations for claims of negligence against third parties who are not agents of the corporation or alleged co-conspirators of corporate agents. That approach would take Iowa law well

past anything the state supreme court has announced and beyond the law in other jurisdictions that have recognized the adverse domination doctrine. We are not prepared to forecast that the Iowa Supreme Court would go that far. *See Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 938 (7th Cir. 2012) (declining similar proposed extension of Illinois law).

Cedar Rapids Lodge & Suites points to decisions from other jurisdictions that have applied the adverse domination doctrine to toll a statute of limitations against third parties. These decisions, however, involved claims against third parties who were alleged co-conspirators of corporate agents. *See Bornstein v. Poulos*, 793 F.2d 444, 447-49 (1st Cir. 1986); *IIT, an Int'l Inv. Trust v. Cornfeld*, 619 F.2d 909, 929-30 (2d Cir. 1980); *Resolution Trust Corp. v. Gardner*, 798 F. Supp. 790, 795 (D.D.C. 1992). None of the cited authorities endorsed tolling the limitations period for claims against a third party who, like Lightowler, is accused only of negligence in an arms-length transaction. In the absence of a conspiracy between corporate wrongdoers and the third-part defendant, the leading authorities decline to apply the adverse domination doctrine. *Stewart Info. Servs.*, 665 F.3d at 937-38; *FDIC v. Shrader & York*, 991 F.2d 216, 227 (5th Cir. 1993); *Buchwald v. Citibank, N.A.*, No. 13-cv-210 (RLW), 2013 WL 5218579, at *4-6 (D.D.C. Sept. 17, 2013). We are not convinced that the Iowa Supreme Court would toll the statute of limitations as Cedar Rapids Lodge & Suites proposes.

## B.

Cedar Rapids Lodge & Suites urges alternatively that its cause of action did not accrue until construction of the hotel was substantially completed on December 9, 2004. In that event, the claim filed on December 3, 2009, would be within the five-year statute of limitations.

-6-

In Iowa, "a cause of action based on negligence does not accrue until plaintiff has in fact discovered that he has suffered injury or by the exercise of reasonable diligence should have discovered it." *Chrischilles v. Griswold*, 150 N.W.2d 94, 100 (Iowa 1967). Cedar Rapids Lodge & Suites alleges that Lightowler was negligent in the design and preparation of the project drawings, in failing to identify construction defects, and in failing to communicate defects to the owners, AmericInn, or the city. Given the undisputed facts, including letters, reports, and site visits between November 2003 and November 2004, Cedar Rapids Lodge & Suites was on notice that there was at least reason to inquire in the exercise of reasonable diligence about potential negligence of Lightowler more than five years before this action was filed in December 2009.

Cedar Rapids Lodge & Suites contends, however, that even if it was on notice of potential negligence by Lightowler, its cause of action against Lightowler did not accrue until construction of the hotel was substantially completed. The notion here is that a client "has a right to repose confidence in the professional's ability and good faith, and realistically cannot be expected to question and assess the techniques employed or the manner in which services are rendered" while the provision of services is underway. *In re Clark Patterson Eng'rs, Surveyor, & Architects, P.C.*, 25 A.D.3d 984, 986 (N.Y. App. Div. 2006). Sometimes described as "the continuous representation doctrine," the rule is said to reflect "both the unfairness of requiring the injured client to challenge its professional advisor while remedial efforts are under way and the potential abuse where the negligent advisor attempts to avoid liability by diverting the client from bringing a legal action until the limitations period expires." *Id*. (internal citations omitted); *see Wagner v. Sellinger*, 847 A.2d 1151, 1155 (D.C. 2004).

The Iowa Supreme Court has not addressed the continuous representation rule, but its treatment of the analogous "continuous treatment rule" in medical malpractice actions suggests that it would not accept Cedar Rapids Lodge & Suites's position.

In a medical malpractice case in Iowa, "when a plaintiff receives continuing care for the same injury from a negligent actor whose malpractice is at issue, the statute of limitations *may be* tolled until the treatment ceases." *McClendon v. Beck*, 569 N.W.2d 382, 385 (Iowa 1997) (emphasis added). The Iowa court, however, has declined to apply the continuous treatment rule when the plaintiff had notice of negligence prior to the termination of treatment: "If there is actual proof that the patient *knows or reasonably should know of the injury or harm before termination of medical treatment*, the statute of limitations is not tolled." *Ratcliff v. Graether*, 697 N.W.2d 119, 125 (Iowa 2005). In light of these pronouncements, we are not convinced that the Iowa court would apply the continuous representation rule to toll the running of the statute of limitations here, where the client of an architect, in the exercise of reasonable diligence, should have discovered its claim before construction was completed.

Cedar Rapids Lodge & Suites also relies on *Bob McKiness Excavating & Grading, Inc. v. Morton Bldgs.*, 507 N.W.2d 405 (Iowa 1993), in which the Iowa court applied a statute providing that certain actions involving improvements to real property "shall not be brought more than fifteen years after the date on which occurred the act or omission of the defendant alleged in the action to have been the cause of the injury or death." Iowa Code § 614.1(11). *McKiness Excavating* held that a cause of action was extinguished fifteen years from the date when construction was completed at the buildings in issue. *Id*. at 409. Drawing on that decision, Cedar Rapids Lodge & Suites says that the limitations period for its claim against Lightowler should not expire until five years after the completion of construction at the hotel. *McKiness Excavating*, however, applied a statute of repose, which ran from the "date of the occurrence of the act or omission alleged to have been the cause of the injury." *Id.* This case, by contrast, involves an ordinary statute of limitations. *McKiness Excavating* itself indicates that the cause of action accrued when the plaintiff knew or should have known of potential design defects, whether or not construction was completed. *Id*. at 408-09.

\* \* \*

For the foregoing reasons, we conclude that the claim against Lightowler was barred by the statute of limitations. The judgment of the district court is affirmed. Lightowler's motion to strike pages from the appendix is denied.

_____