Architect v Kodsi (2019 NY Slip Op 01398)





Architect v Kodsi


2019 NY Slip Op 01398


Decided on February 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2017-12880
 (Index No. 512876/15)

[*1]Jeffrey Berman Architect, appellant, 
v
Robert Kodsi, etc., respondent, et al., defendants (and a third-party action).


Ingram Yuzek Gainen Carroll & Bertolotti, LLP, New York, NY (Larry F. Gainen and Maurizio Anglani of counsel), for appellant.
Garfunkel Wild, P.C., Great Neck, NY (Kevin G. Donoghue and Jason Hsi of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Carl J. Landicino, J.), dated October 6, 2017. The order denied the plaintiff's motion for summary judgment dismissing the first counterclaim of the defendant Robert Kodsi.
ORDERED that the order is affirmed, with costs.
This breach of contract action arises from an architectural contract in which the plaintiff agreed to provide architectural services for the construction of an ambulatory surgery center in Brooklyn. The defendant Robert Kodsi (hereinafter the defendant) asserted two counterclaims against the plaintiff. The first counterclaim alleged professional malpractice based, inter alia, on the failure of the constructed ambulatory surgery center to obtain accreditation from the Accreditation Association for Ambulatory Health Care because the center did not comply with applicable design and construction standards. The plaintiff moved for summary judgment dismissing the defendant's first counterclaim, arguing that it fell outside of the one-year statute of limitations provided for in the contract. The Supreme Court denied the motion, finding that a triable issue of fact existed as to whether the continuous representation doctrine tolled the statute of limitations based on work the plaintiff had done within the limitations period in an attempt to remedy the accreditation problem. The plaintiff appeals.
In opposition to the plaintiff's prima facie showing that the defendant's counterclaim alleging professional malpractice was commenced outside of the applicable one-year statute of limitations, the defendant raised a triable issue of fact as to whether the continuous representation doctrine applied to toll the running of the limitations period. "The law recognizes that the supposed completion of the contemplated work does not preclude application of the continuous representation toll if inadequacies or other problems with the contemplated work timely manifest themselves after that date and the parties continue the professional relationship to remedy those problems" (Regency Club at Wallkill, LLC v Appel Design Group, P.A., 112 AD3d 603, 607). Under the circumstances, the evidence of continuing communications between the parties and evidence of the plaintiff's efforts [*2]to remedy the alleged errors or deficiencies in the architectural plans supported the denial of the plaintiff's motion for summary judgment dismissing the defendant's counterclaim alleging professional malpractice (see Bronstein v Omega Constr. Group, Inc., 138 AD3d 906, 908; Regency Club at Wallkill, LLC v Appel Design Group, P.A., 112 AD3d at 607).
LEVENTHAL, J.P., MILLER, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court