Marzario v Snitow Kanfer Holzer & Millus, LLP (2019 NY Slip Op 08953)





Marzario v Snitow Kanfer Holzer & Millus, LLP


2019 NY Slip Op 08953


Decided on December 12, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2019

Richter, J.P., Manzanet-Daniels, Webber, Gesmer, JJ.


10573 152742/17

[*1] Paul Marzario, et al., Plaintiffs-Appellants,
v
Snitow Kanfer Holzer & Millus, LLP, et al., Defendants-Respondents.


Charles A. Termini, Oceanside, for appellant.
Rivkin Radler LLP, Uniondale (Merril S. Biscone of counsel), for Snitow Kanfer Holtzer & Millus, LLP, respondent.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Richard W. Boone, Jr. of counsel), for Meyer, Suozzi, English & Klein, P.C. and Paul F. Millus, respondents.



Order, Supreme Court, New York County (Barbara Jaffe, J.), entered May 29, 2018, which granted defendants' motions to dismiss the complaint on statute of limitations grounds, unanimously affirmed, without costs.
An action to recover damages arising from an attorney's malpractice must be commenced within three years of accrual (McCoy v Feinman, 99 NY2d 295, 301 [2002], citing CPLR 214[6]), and the claim accrues when the malpractice is committed (Shumsky v Eisenstein, 96 NY2d 164, 166 [2001]).
Here, the acts of alleged malpractice are errors in drafting the underlying complaint, failure to include Collision Capital as a plaintiff, and poor representation and advice during a settlement meeting. The complaint in the underlying lawsuit was filed on August 11, 2011. Plaintiffs allege they unsuccessfully asked defendants to add Collision Capital as a plaintiff sometime prior to April 2012. The settlement meeting at issue took place on August 6, 2013. Accordingly, it is submitted that any alleged malpractice here would have occurred, at the latest, on or before August 6, 2013. As the complaint was not filed until March 23, 2017, defendants made a prima facie showing the case was time-barred.
The trial court appropriately determined that plaintiffs failed to show the continuous representation doctrine, which would have tolled the statute of limitations, applied, or that there was an issue of fact with respect thereto (860 Fifth Avenue Corp v Superstructures-Engrs. & Architects, 15 AD3d 213 [1st Dept 2005]).
The court reasonably determined the period of continuous representation ended, and the limitations period began to run, at the latest, on March 6, 2014, when plaintiff Marzario told defendant Millus to turn over PPL's files. The court reasonably construed this communication as Marzario's acknowledgment that he no longer had trust or confidence in the attorney-client relationship, and accordingly deemed the relationship, and any toll on the limitations period, terminated as of then (see Farage v Ehrenberg, 124 AD3d 159 [2d Dept 2014], lv denied 25 NY3d 906 [2015]; Aseel v Jonathan E. Kroll & Assoc., PLLC, 106 AD3d 1037 [2d Dept 2013]).
We have considered plaintiffs' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 12, 2019
DEPUTY CLERK