Mutual Redevelopment Houses, Inc. v Skyline Eng'g, L.L.C (2019 NY Slip Op 09112)





Mutual Redevelopment Houses, Inc. v Skyline Eng'g, L.L.C


2019 NY Slip Op 09112


Decided on December 19, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2019

Friedman, J.P., Webber, Gesmer, Kern, JJ.


10626 651927/16

[*1] Mutual Redevelopment Houses, Inc., Plaintiff-Respondent,
v
Skyline Engineering, L.L.C, Defendant-Appellant, Lakhani & Jordan Engineers, P.C., Defendant.


Winget, Spadafora & Schwartzberg, LLP, New York (Garry T. Stevens, Jr. of counsel), for appellant.
Goetz Fitzpatrick, LLP, New York (Gary M. Kushner of counsel), for respondent.



Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered on or about April 30, 2018, which denied the motion of defendant Skyline Engineering, L.L.C. (Skyline) for summary judgment dismissing the complaint as against it, unanimously modified, on the law, the motion granted to the extent of dismissing the breach of contract claim against Skyline, and otherwise affirmed, without costs.
Plaintiff commenced this action in 2016 alleging that it retained Skyline, an engineering firm, to perform "special inspection" services for "Phase I" of an HVAC installation project, and that Skyline negligently performed those services and breached the contract. In support of its motion for summary judgment, Skyline demonstrated prima facie that it completed Phase I work under the contract in 2012 and that it was serving in a professional capacity as an engineering firm when it performed those services, so that the three-year limitations period applied (CPLR 214[6]; see Chase Scientific Research v NIA Group, 96 NY2d 20, 29 [2001]; see also Sendar Dev. Co., LLC v CMA Design Studio P.C., 68 AD3d 500, 503 [1st Dept 2009]). In particular, Skyline showed that it was hired to perform specialized inspections of the HVAC installation and file technical reports to demonstrate compliance with the required inspections/tests to the New York City Department of Buildings, and thus its inspectors were working in a professional capacity, as engineers (see e.g. IFD Constr. Corp. v Corddry Carpenter Dietz & Zack, 253 AD2d 89 [1st Dept 1999]; Matter of Clark Patterson Engrs., Surveyor, and Architects, P.C. [City of Gloversville Bd. Of Water Commrs.], 25 AD3d 984 [3d Dept 2006], lv denied 6 NY3d 714 [2006]).
Nevertheless, plaintiff demonstrated that the action is not time-barred because the continuous representation doctrine is applicable and tolled the accrual of the limitations period until 2014 (compare Sander Dev. Co., LLC, 68 AD3d at 503-504). Plaintiff submitted evidence showing Skyline provided special and progress inspection and testing services for "Remediation of Phase I" of the project, pursuant to a 2014 agreement. Although this work was completed under a separate agreement, Skyline rendered these services to correct the engineering and construction defects that it failed to identify during its Phase 1 inspection in 2012. Since Skyline continued to provide services in connection with Phase I in 2014, the action commenced in 2016 is timely under CPLR 214(6) (see Matter of Clark Patterson Engrs., Surveyor, & Architects, P.C. [City of Gloversville Bd. of Water Commrs.], 25 AD3d at 986-987).
Plaintiff's breach of contract cause of action, however, is dismissed, as duplicative of the negligence claim, because it is based on the same facts and alleges the same damages (see InKine [*2]Pharm. Co., Inc. v Coleman, 305 AD2d 151, 152 [1st Dept 2003]). Nor did plaintiff allege that Skyline breached a promise to achieve a specific result (see Mamoon v Dot Net Inc., 135 AD3d 656, 658 [1st Dept 2016]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 19, 2019
CLERK