Schwartz v Fallah (2024 NY Slip Op 04474)

Schwartz v Fallah

2024 NY Slip Op 04474

Decided on September 18, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2023-01647
 (Index No. 601819/22)

[*1]Adam Schwartz, etc., et al., appellants,
v
Robert Fallah, et al., defendants, Velocity Group USA, Inc., respondent.

Rivkin Radler LLP, Uniondale, NY (Henry M. Mascia, Cheryl F. Korman, Kenneth C. Murphy, and Greg E. Mann of counsel), for appellants.
Kaufman Dolowich LLP, Woodbury, NY (Adam Perlin of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Timothy S. Driscoll, J.), dated December 16, 2022. The order, insofar as appealed from, granted that branch of the motion of the defendant Velocity Group USA, Inc., which was pursuant to CPLR 3211(a) to dismiss the twelfth cause of action insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiffs commenced this action, inter alia, to recover damages for breach of contract. As alleged, the defendant Velocity Group USA, Inc. (hereinafter Velocity), among other things, failed to pay the plaintiff Adam Schwartz a certain salary as required by a performance shareholders agreement (hereinafter the agreement) executed on September 4, 2019. More specifically, as alleged, the agreement required Velocity to "make up the shortfall" in the event that the "cash" from Performance Media, Inc. (hereinafter Performance), "was insufficient to meet the salary."
Velocity moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the twelfth cause of action insofar as asserted against it. That cause of action alleged breach of contract based on Velocity's alleged failure to pay Schwartz pursuant to the agreement. The Supreme Court granted that branch of Velocity's motion.
On a motion to dismiss pursuant to CPLR 3211(a)(7), the court must liberally construe the complaint, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Cantor v Villucci, 212 AD3d 765, 766; Gorbatov v Tsirelman, 155 AD3d 836, 837). "Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists [*2]regarding it, dismissal should not eventuate" (Agai v Liberty Mut. Agency Corp., 118 AD3d 830, 832; see Guggenheimer v Ginzburg, 43 NY2d 268, 274-275).
Here, Velocity was not named as a party to the agreement, and no one signed the agreement on Velocity's behalf. The mere reference in the agreement to Velocity is insufficient to create any legal duty on Velocity's part to pay Schwartz (see Salzman Sign Co. v Beck, 10 NY2d 63, 66; Perrino v MTS Funding, Inc., 14 AD3d 865, 865-866). To the extent the agreement purports to establish a guaranty by Velocity to pay Schwartz in the event that Performance is unable to do so, pursuant to the statute of frauds, a promise to answer for a debt to another is void unless subscribed by the party to be charged (see General Obligations Law § 5-701; Martin Roofing v Goldstein, 60 NY2d 262, 264; Tender Loving Care Agency v Hladun, 111 AD2d 162, 163; see also Salzman Sign Co. v Beck, 10 NY2d at 66). Because Velocity did not sign the agreement, its alleged promise to pay Schwartz's salary if Performance was unable to do so is void under the statute of frauds (see e.g. Peckham Rd. Corp. v Town of Putnam Val., 218 AD2d 789, 791).
Accordingly, as Velocity established that the plaintiffs do not have a cause of action against it to recover damages for breach of contract based on Velocity's alleged failure to pay Schwartz pursuant to the agreement, the Supreme Court properly granted that branch of Velocity's motion which was pursuant to CPLR 321(a) to dismiss the twelfth cause of action insofar as asserted against it.
DILLON, J.P., MILLER, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court