244 Howard Ave., LLC v MT Group, LLC (2026 NY Slip Op 00338)

244 Howard Ave., LLC v MT Group, LLC

2026 NY Slip Op 00338

Decided on January 28, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 28, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2023-09417
 (Index No. 500590/22)

[*1]244 Howard Avenue, LLC, appellant,
vMT Group, LLC, respondent, et al., defendants.

Kudman Trachten Aloe LLP, New York, NY (Paul H. Aloe, Francis M. Curran, and Jacob S. Reichman of counsel), for appellant.
Thomas, Thomas & Hafer, LLP, New York, NY (James A. Cardenas of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for injury to property, the plaintiff appeals from an order of the Supreme Court, Kings County (Debra Silber, J.), dated July 6, 2023. The order, insofar as appealed from, granted the motion of the defendant MT Group, LLC, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff is the owner of certain real property located in Brooklyn. In 2018, the plaintiff commenced a construction project to renovate and expand the existing structure on its property. The defendant MT Group, LLC (hereinafter MT), was hired as a subcontractor to inspect the work.
On January 9, 2019, the front wall of the renovated structure collapsed from the roof down to the second floor. The plaintiff contended that this collapse was a result of MT's negligence. On or about January 6, 2022, the plaintiff commenced the instant action, inter alia, to recover damages for injury to property against MT and other defendants working on the property.
MT moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it as time-barred pursuant to a two-year contractual statute of limitations in its contract with the plaintiff, which stated, "NO ACTION OR CLAIM, WHETHER IN TORT, CONTRACT, OR OTHERWISE MAY BE BROUGHT AGAINST MT GROUP, ARISING FROM OR RELATED TO MT GROUP'S WORK, MORE THAN TWO YEARS AFTER THE CESSATION OF MT GROUP'S WORK HEREUNDER, REGARDLESS OF THE DATE OF DISCOVERY OF SUCH CLAIM" (emphasis omitted).
The plaintiff contended that the action was not time-barred because MT performed a field inspection on May 9, 2019, and certified to the New York City Department of Buildings that a final inspection was performed on October 28, 2019.
MT, in reply, alleged that the field inspection on May 9, 2019, was performed at the direction of the New York City Department of Buildings, which was investigating whether MT should be criminally charged. MT further stated that no compensation was provided to MT after January 9, 2019.
In the order appealed from, the Supreme Court, among other things, granted MT's motion. The plaintiff appeals.
MT ceased work pursuant to the contract on January 9, 2019, when the collapse occurred. It is undisputed that the plaintiff paid for no services of MT after that date. The plaintiff cannot rely upon the continuous representation doctrine, pursuant to which a "cause of action asserted against an architect or engineer may be tolled . . . if the plaintiff shows its reliance upon a continued course of services related to the original professional services provided" (Regency Club at Wallkill, LLC v Appel Design Group, P.A., 112 AD3d 603, 606). "This doctrine reflects . . . the unfairness of requiring the injured client to challenge its professional advisor while remedial efforts are under way" (Matter of Clark Patterson Engrs., Surveyor, and Architects, P.C. [City of Gloversville Bd. of Water Commrs.], 25 AD3d 984, 986). Here, the plaintiff would have no reason to rely upon MT after the collapse, and there is no evidence that it did. Nor is there any claim that MT performed remedial services after the collapse. Accordingly, the Supreme Court properly concluded that the action was time-barred, even if certain tolls of the statute of limitations imposed during the COVID-19 pandemic were applied (see 9 NYCRR 8.202.8).
In any event, those tolls apply to the requirements of statutes, local laws, ordinances, orders, rules, or regulations (see Brash v Richards, 195 AD3d 582, 585).
"Inasmuch as the two-year period in which plaintiffs could commence actions . . . was contractually agreed upon, rather than 'prescribed by the procedural laws of the state . . . or any other statute, local law, ordinance, order, rule, or regulation' (9 NYCRR 8.202.8), the Executive Order and subsequent orders extending that order do not apply to toll the limitation period" (Nduka v United Prop. & Ins. Cas. Co., 2023 WL 3738662, *2, 2023 NY Misc LEXIS 9109, *3-4 [Sup Ct, Queens County, Index No. 700735/22]; see Prestige Deli & Grill Corp. v PLG Bedford Holdings, LLC, 213 AD3d 962, 963). Accordingly, even if the contractual period of limitations began to run on October 28, 2019, this action is time-barred.
Accordingly, the Supreme Court properly granted MT's motion to dismiss the complaint insofar as asserted against it
BARROS, J.P., CHRISTOPHER, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court