■ L-3 Communications Corporation, Appellant, v Alexander Kelly et al., Respondents. [829 NYS2d 568]—In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Emerson, J.), dated August 18, 2005, which, after a hearing, in effect, denied its motion for a preliminary injunction.

Ordered that the appeal from so much of the order as, in effect, denied that branch of the plaintiff's motion which was for

a preliminary injunction prohibiting the defendants from providing services to any third party with respect to the GMT Satellite Project is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

The plaintiff sought a preliminary injunction restraining and enjoining the defendants from (1) "[p]roviding any information received from Plaintiff, or arising out of Defendants' services to Plaintiff, in whole or in part, to any other individual or entity," (2) "[d]isclosing and/or utilizing Plaintiff's trade secrets and proprietary information, including but not limited, to customer preferences, vendor lists, pricing information, design techniques and strategies, and configuration techniques and strategies," and (3) "[p]roviding services of any nature, directly or indirectly, to Datapath, Inc. or to any other individual or entity, only with respect to the GMT Satellite Project."

Since the plaintiff was awarded a government contract with respect to the GMT Satellite Project, the preliminary injunctive relief sought with respect to that project has been rendered academic, and the appeal from so much of the order as relates thereto must be dismissed.

However, the remainder of the appeal is not academic. The plaintiff sought to enjoin the defendants from disclosing its proprietary information and trade secrets to any third party. With respect to those branches of the plaintiff's motion, the Supreme Court properly, in effect, denied the plaintiff's request for preliminary injunctive relief. The plaintiff failed to address those branches of its motion at the hearing. Hence, it failed to carry its burden with respect thereto.

In light of our determination, we need not reach the remaining contention regarding the propriety of the in camera procedure utilized by the Supreme Court. Crane, J.P., Rivera, Goldstein and Dickerson, JJ., concur. [*See* 10 Misc 3d 1055(A), 2005 NY Slip Op 51972(U) (2005).]