■ PALACE ELECTRICAL CONTRACTORS, INC., Respondent, v WILLIAM FLOYD UNION FREE SCHOOL DISTRICT et al., Defendants, and THOMAS ASSOCIATES ARCHITECTS & ENGINEERS, P.C., Appellant. [876 NYS2d 109]——

In an action, inter alia, to recover damages for breach of contract, the defendant Thomas Associates Architects & Engineers, P.C., appeals from an order of the Supreme Court, Suffolk County (Costello, J.), dated October 10, 2007, which denied its motion pursuant to CPLR 3211 (a) (7) to dismiss the original complaint insofar as asserted against it and granted the plaintiff's cross motion for leave to serve an amended complaint to add a cause of action to recover damages for negligence as against it.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, the motion is granted, the cross motion is denied, the complaint is dismissed insofar as asserted against the defendant Thomas Associates Architects & Engineers, P.C., and the action against the remaining defendants is severed.

It is undisputed that no contract existed between the plaintiff, Palace Electrical Contractors, Inc. (hereinafter Palace), and the defendant, Thomas Associates Architects & Engineers, P.C. (hereinafter Thomas). Thus, a viable tort claim could only exist if the bond between the parties was so close as to be the functional equivalent of contractual privity (*see Marcellus Constr. Co. v Village of Broadalbin*, 302 AD2d 640 [2003]; *Mc-Nar Indus. v Feibes & Schmitt, Architects*, 245 AD2d 993 [1997]; *Mannix Indus. v Antonucci*, 191 AD2d 482 [1993]). Although Palace, an electrical contractor, alleged that it had some contacts with Thomas, a project architect, during the course of a renova-

tion project at some of the defendant William Floyd Union Free School District's schools, Palace did not allege facts sufficient to demonstrate that the relationship between it and Thomas was so close so as to be the functional equivalent of privity.

Under the circumstances, the Supreme Court improvidently exercised its discretion in granting the plaintiff's cross motion for leave to amend the complaint, as the proposed amendment was palpably insufficient and patently devoid of merit (*see Barnes Coy Architects, P.C. v Shamoon*, 53 AD3d 466 [2008]; *Lucido v Mancuso*, 49 AD3d 220 [2008]), and the motion pursuant to CPLR 3211 (a) (7) to dismiss the original complaint as to Thomas should have been granted. Spolzino, J.P., Covello, Balkin and Belen, JJ., concur.