■ PERETZ BRONSTEIN et al., Respondents, v OMEGA CONSTRUCTION GROUP, INC., et al., Defendants, and MICHAEL T. CETERA, Appellant. [30 NYS3d 653]—

In an action, inter alia, to recover damages for architectural malpractice, the defendant Michael T. Cetera appeals from an

order of the Supreme Court, Kings County (Schmidt, J.), dated October 28, 2014, which denied his motion pursuant to CPLR 3211 (a) to dismiss the amended complaint insofar as asserted against him as time-barred under CPLR 214 (6).

Ordered that the order is affirmed, with costs.

In 2006, the plaintiffs entered into a contract with the defendant architect, Michael T. Cetera, inter alia, to prepare and file plans for the construction of an extension to their residence. Cetera filed the plans, which were approved by the New York City Department of Buildings (hereinafter the DOB). Cetera subsequently advised the DOB in a letter dated May 28, 2008 that he was withdrawing responsibility for conducting controlled inspections for the project. Cetera allegedly had no further involvement with the project until the plaintiffs notified him in September 2010 that the DOB had audited the filed plans and had determined that certain errors had been made in the calculation of elevations and floor area. Cetera allegedly rendered additional services, including research and analysis of relevant zoning provisions, the performance of further calculations, and the proposal of possible solutions, in an effort to remedy the problems. There is no indication in the record that these alleged communications and corresponding efforts extended beyond November 2010. The plaintiffs subsequently commenced this action in connection with the project against various individuals and entities who had been involved in its construction. In August 2013, they moved for leave to amend their complaint to add Cetera as a defendant, alleging, inter alia, that he had committed professional negligence in the services he rendered under the parties' contract. Following the granting of the motion for leave to amend, and the filing and service of the amended complaint, Cetera moved pursuant to CPLR 3211 (a) to dismiss the amended complaint insofar as asserted against him on the ground that it was time-barred under CPLR 214 (6). The Supreme Court denied the motion, finding that the parties' submissions raised a question of fact regarding whether the applicable limitations period had been tolled pursuant to the doctrine of continuous representation.

Regardless of whether they are framed as claims sounding in contract or tort, allegations of professional malpractice, other than medical malpractice, are governed by a three-year statute of limitations (see CPLR 214 [6]; Matter of R.M. Kliment & Frances Halsband, Architects [McKinsey & Co., Inc.], 3 NY3d 538, 542 [2004]; City School Dist. of City of Newburgh v Stubbins & Assoc., 85 NY2d 535, 538 [1995]; Town of Islip v H.T. Schneider Assoc., 73 AD3d 1029, 1029-1030 [2010]). Accrual of

a claim to recover for professional malpractice occurs upon the completion of performance and the resulting termination of the professional relationship (*see Vlahakis v Belcom Dev., LLC*, 86 AD3d 567, 568 [2011]; *Heritage Hills Socy., Ltd. v Heritage Dev. Group, Inc.*, 56 AD3d 426, 427 [2008]; *Frank v Mazs Group, LLC*, 30 AD3d 369, 370 [2006]). Where dismissal of a malpractice claim is sought pursuant to CPLR 3211 (a) on the ground that it is time-barred, the defendant bears the initial burden of establishing, prima facie, that the time within which to sue has expired, whereupon the burden shifts to the plaintiff to raise a question of fact as to whether the limitations period has been tolled or should not apply (*see Schwartz v Leaf, Salzman, Manganelli, Pfiel & Tendler, LLP*, 123 AD3d 901, 901-902 [2014]; *Kitty Jie Yuan v 2368 W. 12th St., LLC*, 119 AD3d 674, 674 [2014]; *Bill Kolb, Jr., Subaru, Inc. v LJ Rabinowitz, CPA*, 117 AD3d 978, 979 [2014]).

Contrary to Cetera's contentions, in response to his prima facie showing that the action was commenced against him more than three years after his withdrawal, the plaintiffs succeeded in raising a question of fact as to whether the continuous representation doctrine is applicable so as to toll the running of the three-year statute of limitations. Under the circumstances, the evidence of continuing communications between the parties, and of efforts by Cetera to remedy the alleged errors or deficiencies in the filed plans, supported the denial of Cetera's motion to dismiss the amended complaint insofar as asserted against him (*see Regency Club at Wallkill, LLC v Appel Design Group, P.A.*, 112 AD3d 603, 607 [2013]; *Pitta v William Leggio Architects*, 259 AD2d 681 [1999]; *Greater Johnstown City School Dist. v Cataldo & Waters, Architects*, 159 AD2d 784, 786-787 [1990]). Mastro, J.P., Dillon, Hinds-Radix and Maltese, JJ., concur.