Creative Rest., Inc. v Dyckman Plumbing & Heating, Inc. (2020 NY Slip Op 03499)





Creative Rest., Inc. v Dyckman Plumbing & Heating, Inc.


2020 NY Slip Op 03499


Decided on June 24, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2018-11110
 (Index No. 504716/18)

[*1]Creative Restaurant, Inc., et al., appellants,
v
Dyckman Plumbing and Heating, Inc., et al., defendants, Cherico King Architect, P.C., respondent.


Wong, Wong & Associates, P.C., New York, NY (Efraim S. Lipschutz of counsel), for appellants.
Fishman and Tromello, Melville, NY (Jonathan P. Pirog of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for architectural malpractice, the plaintiffs appeal from an order of the Supreme Court, Kings County (Paul Wooten, J.), dated July 25, 2018. The order granted the motion of the defendant Cherico King Architect, P.C., pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Cherico King Architect, P.C., pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against it is denied.
In March 2014, the plaintiff Creative Restaurant, Inc. (hereinafter the plaintiff), leased the first floor of a building located at 8620 4th Avenue in Brooklyn for the purpose of operating a franchise known as "Little Caesar's" (hereinafter the premises). The plaintiff hired the defendant Selling Dreams, LLC (hereinafter the contractor), to perform construction work at the premises. The contractor subsequently retained the defendant Cherico King Architect, P.C. (hereinafter the architect), pursuant to a contract dated April 23, 2014, to provide certain architectural services, including providing "schematic HVAC & Plumbing design." The plaintiff En Lin, a shareholder of Creative (hereinafter Lin, and together with Creative, the plaintiffs), was allegedly advised by the contractor and the architect that the wrong address was being used for the premises, that the correct address was 8622 4th Avenue, and that all building permits should be filed under that address. In September 2014, the defendant Dyckman Plumbing & Heating, Inc., was purportedly retained by the contractor to connect the gas line for the premises, which opened for business on September 10, 2014. In December 2014, pursuant to the terms of its contract with the contractor, the architect obtained from the New York City Department of Buildings an equipment use permit and a letter of completion for the address 8622 4th Avenue.
Two years later, in December 2016, the defendant National Grid Services Inc. (hereinafter National Grid), shut off gas services for the premises, claiming that the plaintiff was "stealing gas." According to the amended complaint, Lin notified the architect of the issue and, between December 2016 and December 2017, the architect allegedly rendered additional services in an effort to remedy the problem.
On March 7, 2018, the plaintiffs commenced this action against the architect, among others, to recover damages for architectural malpractice. The architect subsequently moved pursuant to CPLR 3211(a)(1), (5), and (7) to dismiss the amended complaint insofar as asserted against it on the ground that the action was time-barred by the three-year statute of limitations (see CPLR 214[6]), and that it owed no duty of care to the plaintiffs, with whom it had no contractual relationship. The Supreme Court granted the architect's motion, in effect, based upon CPLR 3211(a)(1) and (5), finding that the doctrine of continuous representation was inapplicable to toll the statute of limitations. The plaintiffs appeal, and we reverse.
A motion to dismiss a complaint pursuant to CPLR 3211(a)(1) may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Webster v Sherman, 165 AD3d 738, 740). Additionally, where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one (see Guggenheimer v Ginzburg, 43 NY2d 268, 275; Gawrych v Astoria Fed. Sav. & Loan, 148 AD3d 681, 683).
To dismiss a cause of action pursuant to CPLR 3211(a)(5) on the ground that it is barred by the statute of limitations, "the defendant bears the initial burden of establishing, prima facie, that the time within which to sue has expired, whereupon the burden shifts to the plaintiff to raise a question of fact as to whether the limitations period has been tolled or should not apply" (Bronstein v Omega Constr. Group, Inc., 138 AD3d 906, 908; see Regency Club at Walkill, LLC v Appel Design Group, P.A., 112 AD3d 603, 606). "A cause of action to recover damages against an architect for professional malpractice is governed by a three-year statute of limitations, which accrues upon termination of the professional relationship—that is, when it completes its performance of significant (i.e. non-ministerial) duties under the parties' contract" (New York City Sch. Constr. Auth. v Ennead Architects LLP, 148 AD3d 618, 618 [internal quotation marks omitted]; see CPLR 214[6]).
Here, in opposition to the architect's prima facie showing that this action was commenced against it more than three years after it completed the contemplated work, the plaintiffs raised a question of fact as to whether the continuous representation doctrine applied to toll the running of the limitations period (see Jeffrey Berman Architect v Kodsi, 169 AD3d 1019, 1020; Bronstein v Omega Constr. Group, Inc., 138 AD3d 906, 908). "The law recognizes that the supposed completion of the contemplated work does not preclude application of the continuous representation toll if inadequacies or other problems with the contemplated work timely manifest themselves after that date and the parties continue the professional relationship to remedy those problems" (Regency Club at Wallkill, LLC v Appel Design Group, P.A., 112 AD3d at 607). In support of its motion, the architect submitted documentary evidence which included a final invoice issued by it dated August 14, 2014, and a letter of completion issued by the New York City Department of Buildings to the architect stating that its work was completed on December 20, 2014. In opposition, the plaintiffs' submissions, which included evidence of continuing communications between Lin and the architect, and evidence of the architect's efforts to remedy the alleged error uncovered by National Grid regarding the gas line connection for the premises, raised a question of fact as to the application of the continuous representation doctrine and supported the denial of those branches of the architect's motion which were pursuant to CPLR 3211(a)(1) and (5) to dismiss the amended complaint insofar as asserted against it (see Jeffrey Berman Architect v Kodsi, 169 AD3d at 1020; Bronstein v Omega Constr. Group, Inc., 138 AD3d at 908). Contrary to the architect's contention, the fact that two years had elapsed between the completion of its professional services and its subsequent efforts to remedy the problem does not render the continuous representation doctrine inapplicable as a matter of law (see Red Zone LLC v Cadwalader, Wickersham & Taft LLP, 27 NY3d 1048, 1050; Regency Club at Wallkill, LLC v Appel Design Group, P.A., 112 AD3d at 608; Gomez v Katz, 61 AD3d 108, 117).
We also reject the architect's contention, as an alternative ground for affirmance, that dismissal of the amended complaint insofar as asserted against it was warranted pursuant to CPLR 3211(a)(1) and (7), on the ground that it was not in privity with the plaintiffs. The documentary [*2]evidence submitted by the architect, which included a copy of the contract entered into between it and the contractor, failed to utterly refute the factual allegations supporting the plaintiffs' contention that a relationship existed between them and the architect that was the "functional equivalent of privity" (Greenstreet of N.Y., Inc. v Davis, 166 AD3d 470, 471; see JP Morgan Chase Bank, N.A. v Hall, 122 AD3d 576, 578; cf. Palace Elec. Contrs., Inc. v William Floyd Union Free School Dist., 60 AD3d 921, 921-922).
Thus, the architect failed to conclusively establish that the plaintiffs have no cause of action against it. Accordingly, we reverse.
AUSTIN, J.P., COHEN, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court