Farro v Schochet (2021 NY Slip Op 00150)





Farro v Schochet


2021 NY Slip Op 00150


Decided on January 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
CHERYL E. CHAMBERS
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2017-10401
 (Index No. 518007/16)

[*1]Menachem Farro, etc., appellant-respondent,
v
Zalman Schochet, etc., et al., respondents-appellants.


Barton, LLP, New York, NY (Sheldon Eisenberger and T. Bryce Jones of counsel), for appellant-respondent.
Farrell Fritz, P.C., New York, NY (Peter A. Mahler and Franklin C. McRoberts of counsel), for respondents-appellants.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of fiduciary duty and breach of contract, the plaintiff appeals, and the defendants cross-appeal, from an order of the Supreme Court, Kings County (Sylvia G. Ash, J.), dated August 18, 2017. The order, insofar as appealed from, upon reargument, (1) adhered to a determination in an order of the same court dated May 19, 2017, denying that branch of the plaintiff's prior motion for injunctive relief which was to enjoin the sale or merger of the subject businesses pending determination of the action, (2), in effect, vacated a determination in the order dated May 19, 2017, denying that branch of the defendants' prior motion pursuant to CPLR 3211(a) which was to dismiss the seventh cause of action and thereupon granted that branch of the defendants' prior motion, and (3), in effect, vacated a determination in the order dated May 19, 2017, granting that branch of the plaintiff's prior cross motion pursuant to CPLR 3025 for leave to file a second amended complaint which was to add an eleventh cause of action, alleging violation of Limited Liability Company Law § 1002, and thereupon denied that branch of the plaintiff's prior cross motion. The order, insofar as cross-appealed from, upon reargument, (1) adhered to a determination in the order dated May 19, 2017, denying those branches of the defendants' prior motion pursuant to CPLR 3211(a) which were to dismiss the first through sixth and eighth through tenth causes of action, (2) adhered to a determination in the order dated May 19, 2017, granting that branch of the plaintiff's prior cross motion pursuant to CPLR 3025 for leave to file a second amended complaint which was to add a twelfth cause of action, alleging breach of fiduciary duty, and (3), in effect, vacated a determination in the order dated May 19, 2017, denying that branch of the plaintiff's prior motion for injunctive relief which was to enjoin a proceeding pursuant to Limited Liability Company Law § 1005 to appraise the plaintiff's interest in the subject businesses and thereupon granted that branch of the plaintiff's prior motion.
ORDERED that the order dated August 18, 2017, is affirmed insofar as appealed from; and it is further,
ORDERED that the order dated August 18, 2017, is reversed insofar as cross-appealed from, on the law and the facts, upon reargument, (1) the determination in the order dated May 19, 2017, denying those branches of the defendants' motion pursuant to CPLR 3211(a) which were to dismiss the first through sixth and eighth through tenth causes of action is vacated, and [*2]thereupon those branches of the defendants' prior motion are granted, (2) the determination in the order dated May 19, 2017, granting that branch of the plaintiff's cross motion pursuant to CPLR 3025 for leave to file a second amended complaint which was to add a twelfth cause of action, alleging breach of fiduciary duty, is vacated, and thereupon that branch of the plaintiff's prior cross motion is denied, and (3) the determination in the order dated May 19, 2017, denying that branch of the plaintiff's motion for injunctive relief which was to enjoin a proceeding pursuant to Limited Liability Company Law § 1005 to appraise the plaintiff's interest in the subject businesses is adhered to; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
In 2003, Menachem Farro and Levi Wilhelm, as equal members, formed LMEG Wireless, LLC (hereinafter LMEG Wireless), for the purpose of manufacturing, distributing, and selling aftermarket accessories for cellular telephones. In 2008, LMEG Wireless obtained a series of loans from Zalman Schochet in amounts ranging from $300,000 to more than $1 million to fund its ongoing operating expenses. By September 2010, LMEG Wireless, Farro, and Wilhelm owed Schochet $6 million. Between 2009 and 2011, LMEG Wireless also borrowed funds from Farro's friends and family (hereinafter the friends and family loans).
In early 2011, LMEG Wireless became insolvent and, in October 2011, Farro and Wilhelm began to negotiate with Schochet for additional loans. Schochet agreed to loan LMEG Wireless additional funds for the purpose of paying off the friends and family loans. Schochet negotiated with some of the friends and family lenders to lower interest rates and retired other debts. As of December 7, 2011, LMEG Wireless owed Schochet $11.14 million. In exchange for Schochet's additional loans, the interest rate reduction on the friends and family loans, and the retirement of other loans, Farro and Wilhelm agreed to convey a one-third interest in LMEG Wireless to Schochet.
In or about 2015, Farro, Wilhelm, and Schochet entered into a series of negotiations to sell LMEG Wireless and its associated business entities (hereinafter collectively the subject businesses). According to Schochet and Wilhelm, Farro either undermined the ongoing negotiations or actively opposed the proposed sale, and ultimately, no sale occurred.
In 2016, Farro commenced this action, individually and derivatively, against LMEG Wireless, Schochet, and Wilhelm (hereinafter collectively the Schochet group), among others, to recover damages, inter alia, for breach of fiduciary duty and breach of contract.
Farro initially moved, inter alia, to preliminarily enjoin the Schochet group from holding any corporate meetings for the purpose of selling or transferring the assets of the subject businesses to third parties. While that motion was pending, Schochet and Wilhelm notified Farro that on November 16, 2016, as holders of two-thirds of LMEG Wireless and pursuant to Limited Liability Company Law §§ 407 and 1002, they had approved the merger of LMEG Wireless with LMEG Acquisition, LLC. Pursuant to those statutes, Schochet and Wilhelm offered Farro, as a dissenting member, compensation for his interest in the subject businesses.
In December 2016, all of the defendants moved pursuant to CPLR 3211(a) to dismiss the amended complaint. Farro cross-moved pursuant to CPLR 3025 for leave to file a second amended complaint to assert additional causes of action, alleging a violation of Limited Liability Company Law § 1002 and breach of fiduciary duty. In an order dated May 19, 2017, the Supreme Court denied the defendants' motion to dismiss, granted Farro's cross motion for leave to file a second amended complaint, and denied, as academic, Farro's initial motion for injunctive relief in light of the November 2016 merger transaction.
Thereafter, by written notice dated May 25, 2017, Farro advised LMEG Wireless, Schochet, and Wilhelm that he was dissenting from the November 16, 2016 merger. However, in that same notice, Farro further advised that he was exercising his rights to receive an appraisal of, and compensation for, his interest in the subject businesses under Limited Liability Company Law [*3]§ 1005, stating, "I hereby further demand appraisal and payment of the fair value of my [i]nterest."
The defendants then moved for leave to reargue their prior motion to dismiss and their opposition to Farro's prior cross motion. Farro cross-moved for leave to reargue his prior motion for injunctive relief. In an order dated August 18, 2017, the Supreme Court granted reargument, and, upon reargument, (1), in effect, vacated the determination in the May 19, 2017 order denying that branch of the defendants' prior motion pursuant to CPLR 3211(a) which was to dismiss the seventh cause of action, alleging breach of contract, and thereupon granted that branch of the defendants' prior motion, (2), in effect, vacated the determination in the May 19, 2017 order granting that branch of Farro's prior cross motion for leave to file a second amended complaint which was to add an eleventh cause of action, alleging a violation of Limited Liability Company Law § 1002, and thereupon denied that branch of Farro's prior cross motion, and (3), in effect, vacated the determination in the May 19, 2017 order denying that branch of Farro's prior motion for injunctive relief which was to enjoin a proceeding pursuant to Limited Liability Company Law § 1005 to appraise the value of Farro's interest in the subject businesses, and thereupon granted that branch of Farro's prior motion. The court otherwise adhered to its original determination in the order dated May 19, 2017.
Farro appeals, contending that the Supreme Court erred in adhering to the determination in the May 19, 2017 order denying that branch of his motion which was to enjoin the sale or merger of the subject businesses, in directing dismissal of the seventh cause of action, and in denying him leave to add an eleventh cause of action, alleging a violation of Limited Liability Company Law § 1002. The defendants cross-appeal, contending that the court erred in adhering to the determinations in the May 19, 2017 order denying those branches of their motion pursuant to CPLR 3211(a) which were to dismiss the first through sixth and eighth through tenth causes of action and granting Farro leave to add a twelfth cause of action, alleging breach of fiduciary duty, and in granting that branch of Farro's motion for injunctive relief which was to enjoin the Limited Liability Company Law § 1005 appraisal proceeding. We affirm insofar as Farro appeals, and reverse insofar as the defendants cross-appeal.
Injunctive relief may properly be denied where the issue has become academic (see L-3 Communications Corp. v Kelly, 36 AD3d 762, 763). Here, we agree with the Supreme Court that the November 2016 merger rendered academic that branch of Farro's motion for injunctive relief which was to enjoin the sale or merger of the subject businesses and thus, upon reargument, the court properly adhered to the determination in the May 19, 2017 order denying that branch of Farro's prior motion for such injunctive relief on that basis (see Matter of Colt Indus. Shareholder Litig., 77 NY2d 185, 191).
"A motion to dismiss a complaint pursuant to CPLR 3211(a)(1) may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Creative Rest., Inc. v Dyckman Plumbing & Heating, Inc., 184 AD3d 803, 804; see Kolchins v Evolution Mkts., Inc., 31 NY3d 100, 106). In contrast, "[w]hen a party moves to dismiss a complaint pursuant to CPLR 3211(a)(7), the standard is whether the pleading states a cause of action, not whether the proponent of the pleading has a cause of action. In considering such a motion, the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Morales v Triborough Podiatry, P.C., 184 AD3d 754, 755 [internal quotation marks omitted]).
The first through fifth causes of action in the amended complaint consist of various derivative claims brought by Farro on behalf of the subject businesses seeking damages for breach of fiduciary duty, waste, and mismanagement, as well as declaratory relief. However, Limited Liability Company Law § 1002(f) provides that, subsequent to a merger, a dissenting member possesses no interest in the surviving or resulting business entity, but is instead entitled only to a cash payment of the fair value of his or her membership as of the close of the business day prior to the merger. Moreover, Limited Liability Company Law § 1005 provides for the payment of the value of that interest or, in the event of a dispute, sets forth the procedure for determining the value of that [*4]interest.
Here, Farro's membership in the subject businesses was terminated by the merger, and he subsequently sought appraisal of the value of his interest in order to be fairly compensated therefor. Under these circumstances, his exclusive remedy was appraisal and payment, and he was precluded from maintaining any derivative claims on behalf of the subject businesses (see Limited Liability Company §§ 1002[f]; 1005; see also Breed v Barton, 54 NY2d 82, 85; Jacobs v Cartalemi, 156 AD3d 605, 607; Maldonado v DiBre, 140 AD3d 1501, 1503-1505). Accordingly, the Supreme Court should have directed dismissal of the first through fifth causes of action on this basis.
Similarly, the sixth cause of action, which seeks rescission of the merger on the ground that Schochet fraudulently acquired a one-third interest in LMEG Wireless in 2011 by misrepresenting the source of the funds he loaned to that business, is also precluded. Limited Liability Company Law § 1002(g) provides, with limited exceptions not relevant herein, that a member of a merged company who has a right to demand payment for his membership interest "shall not have any right at law or in equity . . . to attack the validity of the merger . . . or to have the merger . . . set aside or rescinded." Moreover, the language of the statute makes clear that an appraisal proceeding is the member's "sole remedy," and no exception exists for alleged fraud or illegality in the procurement of the merger (see Appleton Acquisition, LLC v National Hous. Partnership, 10 NY3d 250, 255-256). We further note, as an independent ground for dismissal, that even in the unlikely event that Schochet's alleged misrepresentation had provided a viable ground for rescission, had been material to the loan transaction, and had been justifiably relied upon by Farro, Farro's vague and conclusory allegation of injury fails to comport with the heightened pleading requirements of CPLR 3016(b) and was not sufficient to survive the defendants' motion to dismiss pursuant to CPLR 3211(a)(7) (see Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 142). Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was to dismiss the sixth cause of action seeking rescission.
Likewise, the Supreme Court should have denied Farro leave to assert a twelfth cause of action, alleging breach of fiduciary duty on his own behalf, since the November 2016 merger divested him of his membership interest and, pursuant to Limited Liability Company Law § 1002(f), he was limited to the appraisal remedy provided in Limited Liability Company Law § 1005. Furthermore, since Farro's remedy was so limited, upon reargument, the court erred in granting that branch of his motion which was to enjoin the commencement of the appraisal proceeding pursuant to those statutes pending the determination of this action.
Pursuant to Limited Liability Company Law § 414, a manager of a limited liability company may be removed or replaced with or without cause by a vote of the members holding the majority interest. Since, after the November 2016 merger, Farro was no longer a member of LMEG Wireless and thus had no say in its management, the Supreme Court should have granted that branch of the defendants' motion which was to dismiss the eighth cause of action seeking removal of Schochet as a manager of that company.
With respect to the ninth cause of action, seeking the equitable remedy of an accounting (see Bonanni v Horizons Invs. Corp., 179 AD3d 995, 997), a party may seek an accounting only where he or she can establish "the existence of a confidential or fiduciary relationship and a breach of the duty imposed by that relationship respecting property in which the party seeking the accounting has an interest" (Gorunkati v Baker Sanders, LLC, 179 AD3d 904, 905-906 [internal quotation marks omitted]; see Pacella v RSA Consultants, Inc., 164 AD3d 806, 808). "'To obtain an accounting, a plaintiff must show that there was some wrongdoing on the part of a defendant with respect to the fiduciary relationship' concerning property in which the plaintiff has an interest'" (Pacella v RSA Consultants, Inc., 164 AD3d at 808, quoting Benedict v Whitman Breed Abbott & Morgan, 110 AD3d 935, 938; see Lawrence v Kennedy, 95 AD3d 955, 958). Since the November 2016 merger terminated Farro's membership status in the subject businesses, the Supreme Court should have granted that branch of the defendants' motion which was to dismiss the ninth cause of action on the basis that Farro lacked an interest sufficient to support a demand for an accounting (see Gorunkati v Baker Sanders, LLC, 179 AD3d at 905-906; Pacella v RSA Consultants, [*5]Inc., 164 AD3d at 808).
Contrary to Farro's contention with regard to the seventh cause of action, which seeks to recover damages for breach of contract, even assuming the truth of Farro's allegation that the funds Schochet loaned to LMEG Wireless were wrongfully taken from Schochet's client trust account, "the source of funds used for a loan is not typically a factor in determining its validity" (Centi v McGillin, 34 NY3d 1072, 1073; see Lloyd Capital Corp. v Pat Henchar, Inc., 80 NY2d 124, 128). Since Farro has not pointed to any contractual term prohibiting Schochet from obtaining funds from any particular source, the Supreme Court correctly determined, upon reargument, that the seventh cause of action failed to state a cause of action to recover damages for breach of contract (see Canzona v Atanasio, 118 AD3d 837, 839).
"To prevail on a claim of unjust enrichment, a party must show that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit [the other party] to retain what is sought to be recovered" (Reingold v Bowins, 180 AD3d 722, 723 [internal quotation marks omitted]; see Hong Qin Jiang v Li Wan Wu, 179 AD3d 1035, 1040). Damages for unjust enrichment are "an obligation imposed by equity to prevent injustice, in the absence of an actual agreement between the parties concerned" (IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d 132, 142). "A bare legal conclusion that it is against equity and good conscience to retain an unidentified benefit is insufficient to adequately allege that an asserted enrichment was unjust" (Reingold v Bowins, 180 AD3d at 723).
Here, like the seventh cause of action which alleges breach of contract, the tenth cause of action, alleging unjust enrichment, is again premised on the claim that Schochet improperly obtained his interest in LMEG Wireless because the funds he loaned to that business were taken from his client trust account. However, even if Farro could prove this allegation, he has not pleaded facts sufficient to demonstrate that Schochet was unjustly enriched at his expense—rather than at the expense of other, unidentified third parties—since there is no dispute that the promised funds were, in fact, tendered. In addition, since Farro identified a valid and enforceable written contract (i.e., the December 2011 amended loan agreement) governing the subject matter of this claim, a cause of action alleging unjust enrichment is precluded (see Port Auth. of N.Y. & N.J. v Brooklyn Union Gas Co., 179 AD3d 1106, 1108; Jaybar Realty Corp. v Armato, 175 AD3d 1391, 1393). Accordingly, the Supreme Court should have granted that branch of the defendants' motion pursuant to CPLR 3211(a)(7) which was to dismiss the tenth cause of action, alleging unjust enrichment.
Finally, Limited Liability Company Law § 1002(c) generally provides that, prior to the adoption of a merger agreement, members of the company must be given at least 20 days' notice, and that any merger must be approved by the members representing a majority in interest of the members or by a greater percentage where required by the operating agreement. However, pursuant to Limited Liability Company Law § 407(a), such actions of a limited liability company may alternatively be taken without a meeting, without notice, and without a vote where the members holding the voting interests necessary to take the contemplated action sign a written consent agreement to do so without a meeting or a vote. Since the latter statute provides that its alternative procedure is available "[w]henever under this chapter members of a limited liability company are required or permitted to take any action by vote" (Limited Liability Law § 407[a]), and that procedure was followed by Schochet and Wilhelm in this case, the Supreme Court properly denied that branch of Farro's cross motion for leave to file a second amended complaint which was to add an eleventh cause of action, alleging a violation of the notice requirements of Limited Liability Company Law § 1002(c).
The parties' remaining arguments either are without merit or need not be reached in light of the foregoing determination.
MASTRO, A.P.J., CHAMBERS, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court