In House Group, Inc. v Total World Domination, Inc. (2022 NY Slip Op 00296)





In House Group, Inc. v Total World Domination, Inc.


2022 NY Slip Op 00296


Decided on January 18, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 18, 2022

Before: Manzanet-Daniels, J.P., Gische, Kern, Mazzarelli, Gesmer, JJ. 


Index No. 651577/19 Appeal No. 15094 Case No. 2021-00708 

[*1]In House Group, Inc., Plaintiff-Respondent,
v
Total World Domination, Inc., Defendant-Appellant.
Total World Domination, Inc., Third-Party Plaintiff-Appellant,
v
Adam Kushner, et al., Third-Party Defendants-Respondents.


Law Offices of Marc Jonas Block, P.C., New York (Marc Jonas Block of counsel), for appellant.
Law Offices of Adam Cohn PLLC, Bellport (Adam Cohn of counsel), for In House Group, Inc., respondent.



Order, Supreme Court, New York County (Alan C. Marin, J.), entered on or about August 24, 2020, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion to dismiss defendant's counterclaims, unanimously affirmed, with costs.
This action arises from renovations that plaintiff In House Group, Inc. performed in 2011 to a sound recording studio belonging to defendant Total World Domination, Inc. In March 2011, plaintiff and defendant entered into an agreement to settle payment for the services rendered by plaintiff. On April 1, 2014, plaintiff and defendant reduced their obligations to a final settlement agreement (the Amendment), which obligated defendant to pay $1,400 a month until the balance of $97,888 was paid in full. The debt from defendant was secured by an affidavit of confession of judgment. Defendant was obligated to execute a new confession of judgment at two-and-one-half-year intervals, until the balance was paid in full. On or about March 11, 2019, however, defendant allegedly refused to execute the new confession of judgment, prompting plaintiff to commence the instant action. Defendant counterclaimed and plaintiff moved to dismiss the counterclaims.
In dismissing the counterclaims, the court correctly found that plaintiff owed no duty to defendant to close out certain open work permits at defendant's premises, which expired automatically prior to April 1, 2014, and were not renewed. Whatever obligation that may have existed in 2011 was released by the 2014 Amendment. Contrary to defendant's argument, third-party defendant Adam Kushner's request to reinstate certain work permits in 2018, apparently "in response to the [New York City Department of Building's] notice of intent to revoke the referenced approval and permit dated March 02, 2018," did not constitute a concession that plaintiff's professional relationship with defendant had continued after the Amendment, or that plaintiff otherwise had an obligation to close the permits. Nor was there further communication between plaintiff and defendant (compare e.g. Jeffrey Berman Architect v Kodsi, 169 AD3d 1019 [2d Dept 2019]; Creative Rest., Inc. v Dyckman Plumbing & Heating, Inc., 184 AD3d 803 [2d Dept 2020]).
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 18, 2022