Cinquemani v Money Source, Inc.

2026 NY Slip Op 02100

April 8, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Joseph Cinquemani, appellant,

v

Money Source, Inc., respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 8, 2026

2024-02106, (Index No. 612741/23)

Betsy Barros, J.P.

Paul Wooten

Janice A. Taylor

James P. Mccormack, JJ.

Joseph P. Garland, Mount Vernon, NY, for appellant.

Milman Labuda Law Group PLLC, Lake Success, NY (Michael C. MulÈ of counsel), for respondent.

[*1]

DECISION & ORDER

In an action for declaratory relief, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Jerry Garguilo, J.), dated January 11, 2024. The order granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.

ORDERED that the order is reversed, on the law, with costs, and the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint is denied.

In May 2023, the plaintiff commenced this action for a judgment declaring that he was an 8% equity owner of the defendant. The plaintiff alleged, inter alia, that he invested $200,000 in the defendant in 2008 in exchange for his ownership interest, but that in 2017, the defendant, through its counsel, repudiated his ownership claim.

The defendant moved pursuant to CPLR 3211(a) to dismiss the complaint on the ground, among others, that it was time-barred. In an order dated January 11, 2024, the Supreme Court granted the defendant's motion. The court determined that the defendant demonstrated that the cause of action in the complaint was, in effect, one alleging breach of contract. The court further determined that such a cause of action accrued in 2008, and that the statute of limitations on that cause of action expired before the commencement of this action. The plaintiff appeals.

"To dismiss a cause of action pursuant to CPLR 3211(a)(5) on the ground that it is barred by the statute of limitations, 'the defendant bears the initial burden of establishing, prima facie, that the time within which to sue has expired'" (Creative Rest., Inc. v Dyckman Plumbing & Heating, Inc., 184 AD3d 803, 804, quoting Bronstein v Omega Constr. Group, Inc., 138 AD3d 906, 908). "The burden then shifts to the plaintiff to aver evidentiary facts establishing that his or her cause of action falls within an exception to the statute of limitations, or raising a question of fact as to whether such an exception applies, or as to whether the cause of action was interposed within the applicable statute of limitations" (Morrow v Vibration Mountings & Controls, Inc., 223 AD3d 736, 738 [internal quotation marks omitted]; see Kogut v Village of Chestnut Ridge, 214 AD3d 777, 778-779; Klein v Deutsch, 193 AD3d 707, 709).

A declaratory judgment action "is peculiarly different from the actions listed in article [*2]2 [of the CPLR] and [their] assigned limitation periods, in that the latter actions seeking coercive relief are described . . . by reference to the gravamen of the claim or the status of the defendant party. No such description attaches generically to actions for declaratory relief" (Solnick v Whalen, 49 NY2d 224, 229; see Hoehmann v Town of Clarkstown, 216 AD3d 865, 868, affd 40 NY3d 1). "In order to determine the [s]tatute of [l]imitations applicable to a particular declaratory judgment action, the court must 'examine the substance of that action to identify the relationship out of which the claim arises and the relief sought'" (Matter of Save the Pine Bush v City of Albany, 70 NY2d 193, 202, quoting Solnick v Whalen, 49 NY2d at 229; see Village of Islandia v County of Suffolk, 162 AD3d 715, 716). "If the court determines that the underlying dispute can be or could have been resolved through a form of action or proceeding for which a specific limitation period is statutorily provided, that limitation period governs the declaratory judgment action" (Matter of Save the Pine Bush v City of Albany, 70 NY2d at 202; see Matter of Dandomar Co., LLC v Town of Pleasant Val. Town Bd., 86 AD3d 83, 90). However, if "'no other form of proceeding exists for the resolution of the claims tendered in the declaratory judgment action, the six-year limitation of CPLR 213[1] will then be applicable'" (Saratoga County Chamber of Commerce v Pataki, 100 NY2d 801, 815, quoting Solnick v Whalen, 49 NY2d at 230).

"An action for declaratory relief accrues when there is a bona fide, justiciable controversy between the parties" (Anson v Incorporated Vil. of Freeport, 193 AD3d 799, 801; see CPLR 3001; Zwarycz v Marnia Constr., Inc., 102 AD3d 774, 776). "A dispute matures into a justiciable controversy when a plaintiff receives direct, definitive notice that the defendant is repudiating his or her rights" (Anson v Incorporated Vil. of Freeport, 193 AD3d at 801 [internal quotation marks omitted]; see Zwarycz v Marnia Constr., Inc., 193 AD3d at 776).

Here, contrary to the defendant's contention, the allegations in the complaint did not establish that the plaintiff's cause of action accrued in 2008, since the allegations did not establish that there was "a bona fide, justiciable controversy between the parties" at that time (Anson v Incorporated Vil. of Freeport, 193 AD3d at 801; see CPLR 3001; Zwarycz v Marnia Constr., Inc., 102 AD3d at 776). The applicable six-year statute of limitations did not begin to run until the plaintiff received definitive notice repudiating his interest in the defendant (see Mehdizadeh v Mehbisar, Inc., 173 AD3d 851, 852; Wasay v Alvi, 148 AD3d 1089, 1090). The defendant failed to establish that it definitively repudiated the plaintiff's alleged interest in it prior to 2017—six years before the commencement of this action (see CPLR 213[1]; Lurie v Lurie, 226 AD3d 997, 999; Zwarycz v Marnia Constr., Inc., 102 AD3d at 776). Accordingly, the Supreme Court erred in granting the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint as time-barred.

BARROS, J.P., WOOTEN, TAYLOR and MCCORMACK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court